**Kevin E. WATTS, Petitioner–Appellant,**

v.

**Superintendent P. GRIFFIN, Respondent–Appellee.**

No. 14–2249.

United States Court of Appeals, Second Circuit.

Oct. 29, 2015.

Kevin E. Watts, pro se, Napanoch, NY, for Petitioner–Appellant.

Leonard Joblove, Camille O'Hara, Gillespie, Gamaliel Marrero, Assistant District Attorneys, for Kenneth P. Thompson, District Attorney, Kings County, Brooklyn, NY, for Respondent–Appellee.

PRESENT: B.D. PARKER, RAYMOND J. LOHIER, JR. and SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

Appellant Kevin Watts, proceeding *pro se*, appeals from the District Court's judgment dismissing his 28 U.S.C. § 2254 petition. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"A State's procedural rules serve vital purposes at trial, on appeal, and on state collateral attack" and "channel[ ], to the extent possible, the resolution of various types of questions to the stage of the judicial process at which they can be resolved most fairly and efficiently." *Coleman v. Thompson,* 501 U.S. 722, 749, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quotation marks omitted). Accordingly, "[f]ederal courts considering habeas corpus petitions are generally barred from reviewing the decisions of state courts insofar as those decisions are predicated on adequate and independent state procedural grounds." *Messiah v. Duncan,* 435 F.3d 186, 195 (2d Cir.2006). Federal habeas

review is not available if the State court "clearly and expressly" holds that its judgment rests upon a State procedural bar, even if it "addresses the merits in reaching an alternative holding." *Whitley v. Ercole,* 642 F.3d 278, 286 & n. 8 (2d Cir.2011) (quotation marks omitted).

Here, the State court reviewing Watts's motion to vacate his conviction under Section 440.10 of New York's Criminal Procedure Law ruled that Watts failed to properly raise his claims on direct appeal and, in the alternative, held that his claims lacked merit. The District Court properly concluded that the State court had ruled on an independent and adequate state ground and that it was barred from reaching the merits of Watts's claims. *See Clark v. Perez,* 510 F.3d 382, 393 (2d Cir. 2008); *Murden v. Artuz,* 497 F.3d 178, 191–92 (2d Cir.2007).

We have considered all of Watts's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**